UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ALLEN D. CARLYLE, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No. 1:20-cv-29-SNLJ |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Allen D. Carlyle (also "plaintiff") for leave to commence this civil action without prepayment of the required filing fee.[1] Having reviewed the motion and the financial information therein, the Court has determined to grant the motion to the extent plaintiff Allen D. Carlyle seeks leave to proceed *in forma pauperis* in this civil action. Additionally, for the reasons explained below, the Court will strike plaintiffs Misty D. Carlyle, C.L.C., D.A.C., and A.D.C., III from this action, and dismiss this case pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely

---

[1] The caption of the motion includes the names of Allen D. Carlyle and Misty D. Carlyle, but it appears that only Allen D. Carlyle signed the motion. Additionally, the motion appears to contain financial information specific to Allen D. Carlyle.

unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to

excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff initiated this action by filing a 34-page complaint against the United States of America; the State of Missouri; Scott County, Missouri; Mississippi County, Missouri; the Mississippi County Sheriff's Department; East Prairie Police Department Administration; the 33rd Judicial Circuit Administration; Social Services (Children's Division); Dan Norton; and Claire Poley. He lists a plethora of civil and criminal statutes as authority for suit.

The complaint was not filed on a Court-provided form, as required by E.D.Mo. L.R. 2.06(A). Instead, it is comprised of what appears to be a collection of documents, most of which are handwritten and contain long, rambling narratives. The first page of the complaint is titled "Petition." The names of this Court and its Chief Judge and Clerk, the Mississippi and Scott County juvenile and family courts, the United States Supreme Court, and State court case numbers are listed. Following are statements such as:

> Noble cause corruption Motions to be entered and heard (LAWFUL DEMAND TO ENTER THIS ON AND TO THE RECORD THEN AND NOW . . . Motion to release property, good, commodities, inherantance [*sic*] from the ward of court, of physical and legal custody, also present before the court of this nature of this subject matter be released before us then and now as a lawful demand
> . . .
>
> we do plan to get justice in full-fair way that living-man knows how without being indulgent or trespass nor sinful-way. That both you and we are able to be responsible, obtain, and uphold our roles as we know. As what we know and have are the treasures of the world (children) under GOD!

(ECF No. 1 at 1-2) (parentheticals and emphases in original). Later in the complaint, plaintiff writes he is "Advancing New Evidence through Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Supream Court) [*sic*] Rule 60(b) Motion for relief

3

from judgement or order Remedy Rule 62.1," which plaintiff states "permits a litigant to seek a 'indicative ruling' from the distric court [*sic*] as to whether it would grant a motion which it no longer has jurisdiction." *Id.* at 4.

The complaint also includes a letter from plaintiff to President Donald Trump. Therein, plaintiff writes: "Knowing that we are all living-man, women and children we're not perfect, and by the system (Judicial) officers of courts not completely letting GOD guide them in their hearts, allowing corruption and malisious [*sic*] conduct during the process to occur. GOD, when he judges us, it's not to persecute, belittle us, or harmful; only to love, treat, correct, kind in nature, letting all living man-woman (Flesh) blood pumps and laws have the reign with GOD flowing in their hearts." *Id.* at 7 (parentheticals and emphases in original). The letter continues in this manner, and concludes with plaintiff's statement that he gives President Trump permission to "read, determine, act or proceed on this subject matter . . . ". *Id.* at 9. The next document appears to be directed to this Court, and contains plaintiff's statement that he has authorized President Trump to act in the foregoing manner. In other portions of the complaint, plaintiff describes an incident involving law enforcement in which children were apparently removed from the home, and in which he was tazed. He writes: "DEMAND IMMEIATE [*sic*] RETURN OF OUR FAMILY'S "PROPERTY": DEFINED 3 juvenile children" and return of "all income or financial loss during this process." *Id.* at 16-17 (emphases in original).

After filing the complaint, plaintiff filed a 49-page supplement, and a 29-page supplement. These documents are composed in essentially the same manner as the complaint. The supplements were placed under seal because they contained unredacted information identifying minor children, including copies of orders entered by the Missouri Department of Social Services concerning the children.

4

## Discussion

Misty D. Carlyle will be stricken from this action. In the caption of the complaint, it is indicated that she is proceeding as a *pro se* plaintiff. However, it is not entirely clear that she actually signed the complaint. Additionally, she has neither paid the statutory filing fee, nor filed her own motion for leave to proceed *in forma pauperis*. While her name appears in the caption of Allen D. Carlyle's motion for leave to proceed *in forma pauperis*, it does not appear the motion contains her own financial information, nor is it clear that she actually signed the motion. It is therefore not sufficiently clear that she has authorized the filing of this lawsuit.

C.L.C., D.A.C., and A.D.C., III will also be stricken from this action. In the caption of the complaint, it is indicated they are minors who intend to proceed as *pro se* plaintiffs. There is no indication they are domiciled anywhere but Missouri. As minors, C.L.C., D.A.C., and A.D.C., III do not have the legal capacity to bring this suit on their own. *See* Fed. R. Civ. P. 17(b)(1) (the capacity of an individual to sue is determined by the law of the individual's domicile); *Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7, 9 (Mo. 1986) ("In Missouri, a person who is under the legal disability of minority still lacks capacity to institute, in his own right, a civil lawsuit."). Additionally, a minor cannot be represented in an action such as this by a non-attorney, even if that person is the minor's parent. Nothing before the Court permits the conclusion that Allen D. Carlyle is licensed to practice law in this district. While federal law provides that "parties may plead and conduct their own cases personally," 28 U.S.C. § 1654, this right does not extend to representation of one's child. *See Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child").

The Court now turns to the complaint and the supplemental documents. Having thoroughly reviewed and liberally construed these documents, the Court discerns nothing that qualifies as a short and plain statement of a federal claim showing that plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). While it appears plaintiff filed this action at least in part to challenge State court decisions concerning his children and to complain about the actions of law enforcement officers, the manner in which he has prepared the complaint and supplements has made it impossible for this Court to discern exactly what his legal theories are, or even whether they would establish federal subject matter jurisdiction over this action. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even *pro se* plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe *pro se* filings, this Court will not construct a legal theory for plaintiff or assume facts he has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded). Additionally, the complaint and supplemental documents are rife with statements that "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Allen D. Carlyle's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED** to the extent

plaintiff Allen D. Carlyle seeks leave to proceed *in forma pauperis* in this action, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that plaintiffs Misty D. Carlyle, C.L.C., D.A.C., and A.D.C., III are **STRICKEN** from this action

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of April, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE